IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**PATRICK SHAWN COLLINS,**

       **Petitioner,**

v.                                                                        Case No. 2:14-cv-05473

**MARVIN C. PLUMLEY, Warden,**
**Huttonsville Correctional Center,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is a Petition for a Writ of Mandamus for Immediate Release From Custody (ECF No. 1) filed by the petitioner on January 29, 2014. This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On January 29, 2014, the petitioner filed the instant Petition for a Writ of Mandamus for Immediate Release From Custody (ECF No. 1).[1] An initial review of the petition demonstrates that this court lacks jurisdiction over this matter.

The petitioner is presently incarcerated at the Huttonsville Correctional Center. According to the West Virginia Division of Corrections' website, www.wvdoc.com/wvdoc/offendersearch, the petitioner is in custody on convictions in the Circuit Courts of Lewis and Gilmer Counties for failure to register. The petition,

---

[1] It appears that the petition was mailed to the Clerk on the petitioner's behalf by another prisoner at Huttonsville Correctional Center, Bobby Roddy.

which is titled as a Petition for a Writ of Mandamus, appears to be a document modified from a petition filed in the Supreme Court of Appeals of West Virginia (the "SCAWV"). After stating that the petitioner seeks a review of West Virginia's "Plain Error Doctrine" and the "Presumption of Prejudice Rule" with respect to ineffective assistance of counsel, as well as "additional errors of constitutional magnitude," the petition asserts that the petitioner is being denied records that he has requested from his state court criminal proceedings in violation of his rights to due process and equal protection, and requests that this federal court direct the court reporter to provide him his transcripts and further requests that he be immediately released from custody.

      Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

      A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina*, 551 F.2d 559, 562 (4th Cir. 1977). To the extent that the petitioner is seeking mandamus relief, he is asking a federal court to order a state court or its employees to act in a particular manner. A federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner.

      Furthermore, to the extent that the petitioner is seeking immediate release from custody, such relief must be sought through a writ of habeas corpus. Such action by a

state prisoner must be pursued through a petition for a writ of habeas under 28 U.S.C. § 2254 <u>in the United States District Court with jurisdiction in the county in which the prisoner was convicted</u>, after exhaustion of available state court remedies. Furthermore, 28 U.S.C. § 2244(d)(1) provides that a section 2254 petition must be filed within one year of the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Both Lewis and Gilmer Counties are located within the jurisdiction of the United States District Court for the Northern District of West Virginia. Likewise, the petitioner's current custodian is within the jurisdiction of that court.

The court proposes that the presiding District Judge **FIND** that there is no jurisdiction for this United States District Court to issue a writ of mandamus against any state officials as requested by the petitioner herein. The undersigned further proposes

that the presiding District Judge **FIND** that this court is not the proper court in which this petitioner may seek habeas corpus relief concerning his state court convictions.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Mandamus for Immediate Release From Custody (ECF No. 1) as being legally frivolous and failing to state a claim upon which relief can be granted.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner.

<u>March 26, 2014</u>

Dwane L. Tinsley
United States Magistrate Judge